Susan Barilich, Esq.
Susan Barilich, P.C.
Cal. Bar No. 159530
535 N. Brand Blvd. Ste. 504
Tel. 818-500-0377
Fax 800-850-7209
Attorneys for Plaintiff
Douglas Mercer Pell

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Douglas Mercer Pell** | CASE NO. |
| **Plaintiff** | **PLAINTIFF'S COMPLAINT** |
| v. | i. Fourteenth Amendment Violations of Equal Protection; |
| **Amy Nunez, Director of Admissions, State Bar of California** | ii. Fourteenth Amendment Violations of Procedural Due Process |
| **Defendant** | iii. Violations of the Americans with Disabilities Act and the Family and Medical Leave Act; |
| | iv. Request for Injunctive Relief; |
| | v. Request for Declaratory Relief; |
| | vi. Violations of Unruh Civil Rights Act |

## I
## JURISDICTION

1. Jurisdiction in this Court is appropriate under 28 USC §1331 because Plaintiff asserts claims arising under the laws of the United States, specifically under the Equal Protection Clause of the 14th Amendment to United States Constitution. In addition, this Court has jurisdiction under 42 U.S.C. §12131, et seq., the Americans with Disabilities Act, and under the Family and Medical Leave Act, 29 USC § 2601, et seq.  Plaintiff also seeks declaratory relief as authorized by 28 U.S.C. §§2201 and 2202. Jurisdiction in this Court is appropriate under 28

-1-.
PLAINTIFF'S COMPLAINT

USC §1367(a) for the State law claims because they arise out of the same occurrences and transactions as the federal claims and they, therefore, form part of the same case and controversy under Article III of the United States Constitution.

## II
## THE PARTIES

2. Plaintiff, Douglas Mercer Pell, is an individual and resident of the State of California.

3. Defendant Amy Nunez is the Director of Admissions of the State Bar of California, and she is being sued in her official capacity on the First Claim for Relief (Fourteenth Amendment Violations: Equal Protection); Second Claim for Relief (Fourteenth Amendment Violations: Procedural Due Process); Third Claim for Relief (Violations of the Americans with Disabilities Act and Family and Medical Leave Act) and Plaintiff's Fourth Claim for Relief (Request for Declaratory Judgment) and Fifth Claim for Relief (Request for Preliminary and Permanent Injunction). Defendant Amy Nunez is being sued in her individual capacity on Plaintiff's Sixth Claim for Relief (Violations of Unruh Civil Rights Act, Cal. Civ. Code § 51 and § 52)

4. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as DOES 1-10, inclusive, and therefore sues these Defendants by such fictitious names. The Plaintiff will amend this complaint to allege their true names and capacities when ascertained. The Plaintiff is informed and believes and thus alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged in the Complaint, and that the Plaintiff's damages were proximately caused by their conduct.

## III
## BACKGROUND

5. Plaintiff is an applicant to be licensed as an attorney in the State of California. Plaintiff's Applicant File Number is 467973. Plaintiff is currently enrolled in the Juris Doctor program at the American Institute of Law in Torrance, California. Plaintiff is eighty-one (81) years old, and he is an elder under California law. On Plaintiff's first attempt, he successfully passed the First Year Law Student Exam (FYLSX) given in November 2020. However, the November 2020 exam was his sixth (6th) opportunity and, currently, the State Bar has a rule, policy, or practice of requiring applicants to complete the exam by the fourth (4th) opportunity, or the law student forfeits all credit for law school courses completed beyond the first year.

6. In Plaintiff's case, there were exigent circumstances which made it impossible for him to take the First Year Law Student Exam on any of the four opportunities available after he completed his first year of law school courses. Plaintiff initially discussed the problem with the staff at the American Institute of Law in February 2021 as soon as he became aware of the problem. He then contacted the State Bar by telephone whose representatives offered no guidance and simply discouraged him from challenging the forfeiture of his law school credits. On February 2, 2022, Plaintiff petitioned the Director of Admissions for the State Bar of California in writing for a hearing and described in detail, under oath, the exigent circumstances that prevented him from taking the First Year Law Student Exam prior to November 2020. A true and correct copy of the letter explaining Plaintiff's situation in detail along with Plaintiff's supporting Declaration is attached as Exhibit A. Plaintiff contacted the State Bar of California no less than a dozen times after the State Bar received the letter and Declaration between February 8, 2022 and April 26, 2022. After many weeks of waiting and diligently following up with the request, rather than afford Plaintiff a hearing, the request for a hearing was summarily

denied without any explanation or justification. Based on the email response Plaintiff received on April 26, 2022, attached as Exhibit B, it is apparent that the Defendant failed to review the information submitted to it by Plaintiff, and arbitrarily denied Plaintiff a hearing.

## THE EXIGENT CIRCUMSTANCES

7.  In mid-2017, Plaintiff's wife developed serious health problems and her health began to rapidly deteriorate. Plaintiff's wife is also an elder under California law. It took the doctors awhile to determine that she was suffering from liver disease. At first, Plaintiff and his wife were led to believe that her condition was manageable, but that turned out not to be the case. In late January 2018, after a full day in the emergency room, her doctor told them that her condition was terminal, and the only viable option was a liver transplant.

8. There are only three hospitals in the Los Angeles area that do liver transplants and one of them, Cedars-Sinai, had already turned Plaintiff's wife down. Notwithstanding that, four weeks later on February 27, 2018, Plaintiff's wife was admitted to the University of Southern California Keck Hospital for evaluation and accepted as a liver transplant candidate. A month later, after a 14-hour surgery on Good Friday morning, Plaintiff's wife received a double transplant of a new liver and a new kidney. She was released from the hospital at the end of April 2018 to continue her recovery at home.

9.  The recovery from transplant surgery is difficult and differs from most other surgical procedures. Typically, after surgery, the primary issue is regaining physical strength and coordination. Transplant surgery is not only extremely invasive but there are the additional risks of infection and organ rejection. To mitigate the risks, Keck closely monitors their transplant patients especially during the first few critical months. Plaintiff bore the primary responsibility of caring for his wife for several months after her release from the hospital after the transplant surgery.  Needless to say, this was stressful and time consuming.  As her primary caregiver it

was Plaintiff's job to take her to the hospital, initially three time a week, control her medication, work with physical and occupational therapists, and do all of the many other things necessary for her successful recovery. Fortunately, the physicians treating Plaintiff's wife determined that she had made a full recovery but this did not occur until mid-2019.

10. Plaintiff's caregiver role and responsibilities made it impossible for him to successfully study for the July 2018, October 2018, or the July or October 2019 First Year Law Student Exam. Plaintiff's responsibilities as the primary caregiver for his wife precluded that. Once her condition stabilized, Plaintiff immediately turned his attention to the First Year Law Student Exam, and he intended to take the exam in July 2020. However, due to COVID-19, he was not able to take the First Year Law Student Exam until November 2020.

## PLAINTIFF'S LAW SCHOOL EDUCATION AND COMMITMENT TO TAKING THE CALIFORNIA BAR

11. Plaintiff is a graduate of the Massachusetts Institute of Technology Department of Aeronautics and Astronautics, and Plaintiff earned a graduate degree in Aerospace Engineering from the University of Southern California. Plaintiff enjoyed a long career employed at TRW and Northrop/Grumman. At the time Plaintiff retired he was the Director of Operations for the Systems Development Division.  Subsequently, Plaintiff earned a degree in Personal Financial Planning from The University of California Los Angeles. Plaintiff has been a Reserve Police Officer for the City of Los Angeles for 53 years which has stimulated his interest in the law. He is currently being considered for an assignment with the LAPD Officer Representation Section (ORS). The ORS provides representation for Police Officers subject to internal disciplinary proceedings. As a licensed attorney, Plaintiff could be more effective to the ORS and also support the LAPD Legal Affairs Division.

**PLAINTIFF'S COMPLAINT**

12. Plaintiff has consistently done well in his law school classes at the American Institute of Law. He took and passed the First Year Law Student Exam on his first try. Plaintiff is committed to taking the California Bar Exam as soon as he can so that he can become a licensed attorney in the State of California. He has already demonstrated that his commitment to taking the Bar and obtaining a California law license is serious, and he continued with his course curriculum, despite the personal hardship Plaintiff and his wife endured due to her near terminal illness. Plaintiff was not neglectful or indifferent to the time deadlines for taking the First Year Law Student Exam, but his personal situation prevented him from studying for and taking the exam during the critical period of his wife's illness, described above.

13. Under the Defendant's interpretation of *Cal. Business & Professions Code* §6060 (h)(1), Defendant claims Plaintiff must forfeit 39 credit hours for courses he has completed successfully after his first year in law school. This interpretation imposes an extreme hardship on Plaintiff and results in delaying Plaintiff from taking the California Bar Exam by at least another two years. The delay is exacerbated, as the American Institute of Law does not offer the courses he would have to repeat every semester. In addition, Plaintiff will sustain financial hardship in having to pay for the courses twice. The courses in question were recently completed and the curriculum for these courses has not changed. The American Institute of Law in Torrance, although unaccredited because it is a correspondence school, has been in business since 2015, and has a stable, non-controversial history.

14. Plaintiff is an elder as defined by California law, who was deprived of his personal and property rights, in violation of the law. Plaintiff was deprived of his rights by having to forfeit 39 hours of law school credit for courses he took and successfully completed subsequent to his first year. Defendant can be deemed to have intentionally deprived Plaintiff of his rights

because Defendant knew or should have known that its conduct was likely to be harmful to Plaintiff.

## IV.

## FIRST CLAIM FOR RELIEF

**FOURTEENTH AMENDMENT VIOLATIONS OF PLAINTIFF'S RIGHT TO EQUAL PROTECTION UNDER THE LAW**
**(Defendant Amy Nunez, Director of Admissions, State Bar of California)**

15. Plaintiff incorporates by reference the allegations in the preceding paragraphs 1 through 14 above.

16. Plaintiff has standing to challenge the action of the State Bar which burdens him in a way in which others would not be burdened, if they had chosen to participate in the challenged program. Plaintiff challenges the Defendant's interpretation and application of a statute, specifically Cal. Business & Professions Code §6060(h) because its broad-brush application by Defendant is unwarranted in this case. The purpose of the First Year Law Student Exam is to protect persons from continuing to pursue a profession for which they are not qualified and to aid qualified persons in judging the quality of training and education they are receiving in preparation for the bar exam. That purpose is not served in this case because Plaintiff passed the exam on his first try, indicating his education is more than adequate, and taking the exam late, under the circumstances had nothing to do with Plaintiff's qualifications for taking the bar, nor the quality of his training or education.

17. The State Bar's classification that requires the forfeiture of law school credits for individuals attending unaccredited law schools when the individual does not complete the First Year Law Student Exam on time, violates Plaintiff's right to equal protection under the law in that it is arbitrary and not justified by a compelling governmental interest.

18. The State Bar's classification that requires forfeiture of law school credits, constitutes State action that violates the guarantee of equal protection. The classification of individuals who do

not complete the First Year Law Student Exam within the prescribed period of time is unreasonable, arbitrary, and the differentiation created by the classification is unfair and lacks any substantial relation to the purpose of the State action. State action violates the guarantee of equal protection as there is no rational basis for the classification, and the classification does not serve a legitimate public purpose. This State action burdens a fundamental interest in Plaintiff's case, in that it affects a personal and property right which is essential to the individual in economic or human terms, and is subject to strict judicial scrutiny. Defendant has not and cannot establish that the State action serves a compelling State interest, nor can Defendant establish that there are no reasonable, less intrusive means by which its purpose can be achieved.

19. Defendant's actions also violate Plaintiff's right to equal protection since Plaintiff possesses a special interest, distinguishable from the interests of the public at large, and Plaintiff has suffered or will suffer substantial damage since the classification is arbitrary and burdens a fundamental interest. Specifically, Plaintiff is eighty-one (81) years old. In Plaintiff's case, time is of the essence as, even though he expects to enjoy his older years for some time to come, the possibility of serious illness or debilitation increases dramatically with age. The classification is not justified by a compelling governmental interest, as Plaintiff has complied with all the rules imposed by the State Bar on him, has not demonstrated a lack of commitment or dedication, has successfully pursued his law school curriculum in a diligent manner, his law school education is adequate in terms of preparing him to pass the California bar, and he passed the First Year Law Student Exam on his first sitting. To enforce *Cal. Business and Professions Code* § 6060 (h) in the manner the State Bar interprets it, actually promotes an unreasonable result, since to comply in Plaintiff's case means Plaintiff would have had to drop out of law school for two (2) years due to his inability to sit for the First Year Law Student Exam within the first four sittings, and then delay his studies even longer while he waited for his results from the First Year Law Student

Exam. The forfeiture of law school credits in this case is arbitrary and capricious because Plaintiff completed the course work successfully, all such course work advances his goal to obtain a law degree and a California law license, and forcing him to delay obtaining his degree and law license for two years or more serves no compelling State interest and makes no sense.

V.

**SECOND CLAIM FOR RELIEF**

**VIOLATIONS OF PLAINTIFF'S FOURTEENTH AMENDMENT RIGHTS TO PROCEDURAL DUE PROCESS**
**(Defendant Amy Nunez, Director of Admissions, State Bar of California)**

20. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 14 above.

21. On April 26, 2022, Defendant informed Plaintiff that his request would not be considered and refused to give him a hearing. Plaintiff is entitled to protection from the arbitrary action of government. Plaintiff maintains a personal and property interest in the law school courses he has taken and successfully completed. Plaintiff has been wrongfully deprived of such credits without a hearing, when a hearing could have easily resolved this issue. Providing Plaintiff with such a hearing would not have been burdensome and should have been afforded him before denying him the rights he has in the law school courses he completed.

IV.

**THIRD CLAIM FOR RELIEF**

**VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT 42 USC §12131, et seq., and the FAMILY and MEDICAL LEAVE ACT 29 USC § 2601, et seq.**
**(Defendant Amy Nunez, Director of Admissions, State Bar of California)**

22. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs 1 through 14 above.

23. An individual with a disability is defined in 42 U.S.C. §§ 12012(2) and 12132.

24. As a public entity, Defendant is governed by Title II of the Americans with Disabilities Act (ADA) which provides that individuals with disabilities may not be "excluded from participation in or be denied the benefits of the services, programs or activities of a public entity," nor may they be "subjected to discrimination by any such entity." 42 U.S.C. § 12132.

25. A public entity must provide necessary reasonable modifications, or accommodations pursuant to 28 CFR § 35.130(b)(7), and appropriate auxiliary aids and services, pursuant to 28 CFR § 35.160(b). A public entity may not administer a licensing or certification program in a manner that subjects qualified individuals with disabilities to discrimination on the basis of disability. A public entity "shall not impose or apply eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any service, program, or activity, unless such criteria can be shown to be necessary for the provision of the service, program, or activity being offered." 28 CFR § 35.130(b)(6), (b)(8).

26. The Americans with Disabilities Act, 42 USCS § 12131 provides in pertinent part:

****

(1) Public entity. The term 'public entity' means

    A) any State or local government;

****

(2) Qualified individual with a disability. The term 'qualified individual' with a disability means an individual with a disability who, with or without reasonable modifications to rules, policies, or practices…meets the essential eligibility requirements for the receipt of services…

-10-

**PLAINTIFF'S COMPLAINT**

27. The State Bar of California is a public entity. Plaintiff is the agent of a qualified individual, his wife, who is protected by the Americans with Disabilities Act. In addition, the disability of Plaintiff's wife during the period in question requires that Plaintiff, as her primary caregiver, be accommodated under the Family and Medical Leave Act, 29 USC § 2601, et seq.

28. The Americans with Disabilities Act read in conjunction with the Family and Medical Leave Act, requires that Plaintiff be accommodated by allowing him more time to take the First Year Law Students Exam to account for the period of time during which he was the primary caregiver for his wife and extend his eligibility by at least one (1) year, from November 2019 to November 2020, and by allowing him to retain all 39 of the law school credits he earned after his first year. Allowing Plaintiff to retain all of the law school credits he has successfully earned does not conflict with *Bus. & Professions Code* § 6060(h) but would even the playing field and allow Plaintiff to stay on track and to obtain his law degree in a reasonable amount of time, rather than setting him back another two (2) years.

29. Defendant has violated Plaintiff's right to be free from disability-based discrimination by arbitrarily denying Plaintiff hard-earned law school credits for courses he has already taken and successfully passed.

30. Under Defendant's policies, practices, or procedures, Defendant justifies the arbitrary denial of successfully completed law school credits, notwithstanding the fact that such arbitrary deprivation of rights does not serve any legitimate purpose.

31. As a proximate result of the unlawful acts described herein, Plaintiff has suffered and continues to suffer injury and deprivation of his personal and property rights.

32. Defendant's unlawful actions were and are intentional or done with reckless disregard for Plaintiff's right to be free from discrimination based on the disability of his spouse.

## VIII.

## FOURTH CLAIM FOR RELIEF

**REQUEST FOR DECLARATORY JUDGMENT**
**28 USC §2201 and §2202**
**(Defendant Amy Nunez, Director of Admissions, State Bar of California)**

33. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs 1 through 14 above.

34. A present and actual controversy exists between Plaintiff and Defendant concerning their rights and respective duties. Plaintiff contends that Defendant violated his rights under the Fourteenth Amendment and under Title II of the Americans with Disabilities Act, read in conjunction with the Family and Medical Leave Act. Plaintiff is informed and believes, and thereon alleges, that Defendant denies these allegations. Declaratory relief is therefore necessary and appropriate, and Plaintiff seeks a judicial declaration of the rights and duties of the respective parties as set forth in his First, Second, and Third Claims for Relief.

## IX.

## FIFTH CLAIM FOR RELIEF

**REQUEST FOR PRELIMINARY AND PERMANENT INJUNCTION**
**Federal Rule of Civil Procedure 65**
**(Defendant Amy Nunez, Director of Admissions, State Bar of California)**

35. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs 1 through 14 above.

36. No plain, adequate, or complete remedy at law is available to Plaintiff to redress the wrongs set forth in his First, Second, and Third Claims for Relief stated in this Complaint.

37. Unless Defendant is restrained by a preliminary and permanent injunction of this Court, Plaintiff's injury will be great and irreparable.  Plaintiff has no plain, speedy, and

adequate remedy at law because pecuniary compensation would not afford adequate relief, and it would be extremely difficult to ascertain the amount of compensation that would afford adequate relief, and it would be impossible for Plaintiff to determine the precise amount of damage that he will suffer if Defendant's conduct is not restrained.

## VII.

## SIXTH CLAIM FOR RELIEF

### VIOLATIONS OF UNRUH CIVIL RIGHTS ACT
### CAL. CIVIL CODE § 51 and § 52
### (Defendant Amy Nunez, Individually)

38. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 14 above.

39. On February 19, 2021, Plaintiff was denied 39 hours of law school credit being all of the classes he has taken subsequent to his first year. See Exhibit C attached. Plaintiff requested that Defendant waive this penalty, as he had good cause for not taking the First Year Law Student Exam within the time set out by the Defendant. Plaintiff's request was arbitrarily refused, without consideration of his extenuating circumstances.

40. Plaintiff is eighty-one (81) years old and is an elder under California law.

41. Plaintiff is informed and believes and thereon alleges that Defendant denied to Plaintiff the services, advantages, accommodations, facilities, and privileges provided to other persons, on account of Plaintiff's age.

42. Defendant's wrongful conduct is continuing in that Defendant continues to deny Plaintiff and all persons of Plaintiff's age the full and equal accommodations, advantages, facilities, and privileges afforded other law students.

43. Defendant has violated California law, specifically the Unruh Civil Rights Act. As a proximate result of the wrongful act of Defendant, Plaintiff is entitled to recover statutory damages of $4,000, plus attorney's fees, as provided in Civil Code Section 52.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Order Defendant to make an exception to its rules, policies, and practices formulated with respect to Cal. Business & Professions Code § 6060 (h) and restore all law school credits to him for courses he has successfully taken and passed.

2. Require Defendant to comply with the Americans with Disabilities Act and the Family and Medical Leave Act;

3. Enter a preliminary injunction and a permanent injunction on Plaintiff's federal claims enjoining Defendant and Defendant's agents, servants, and employees, and all persons acting under, in concert with, or for Defendant from denying Plaintiff all law school credits that he has earned, enjoin aiding and abetting such denial, and enjoin Defendant from acting in a discriminatory manner, making arbitrary distinctions, or restrictions and order Defendant to provide full and equal accommodations, advantages, facilities, and services under Defendant's control to Plaintiff.

4. Declare that Plaintiff is entitled to maintain all credit for all law school classes he has taken and successfully completed to date.

5. Find that Plaintiff has been the subject of unlawful discrimination due to his age and restore his rights so that he is treated in the same fashion as other candidates for the California bar;

6. For attorney's fees as provided by law;

7. For costs of suit incurred; and,

8. For such other and further relief as the court may deem proper.

## JURY DEMAND

Plaintiff demands a jury pursuant to the United States Constitution and FRCP 38.

///

DATED: June 1, 2022

                                   SUSAN BARILICH, P.C.

                                   */s/ Susan Barilich*
                                   Susan Barilich, Esq.
                                   Attorney for Plaintiff
                                   Douglas Mercer Pell